UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL EWING,**

    **Plaintiff,**

vs.                           **CASE NO.:**

**JOHN W. KENNEDY CO., a
Foreign Profit Corporation,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL EWING ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, JOHN W. KENNEDY CO., ("Defendant") and in support thereof states as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Americans with Disabilities Act, as amended, ("ADA"), 42 U.S.C. 12101, *et seq.*, and the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq.* ("FCRA"), to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, damages for emotional distress, pain and suffering, punitive damages, injunctive relief, reasonable

attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

7. Defendant, JOHN W. KENNEDY CO., is a Foreign for Profit Corporation. At all material times hereto, Defendant maintained an office in Seminole County, Florida.

8. Plaintiff is an adult individual who resides in Orange County, Florida.

9. Plaintiff was an employee as defined by the laws under which this action is brought.

10. From approximately April 2015 until 2018, Plaintiff was employed as an Outside Sales Representative, and was then moved in 2018 to an Inside Sales Representative; a role in which he remained in until his unlawful termination on March 24, 2021.

11. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FCRA and the ADA.

12. At all times material to this action, Defendant was, and continues to be, an "employer" within the meaning of the FCRA and the ADA.

## JURISDICTION AND VENUE

13. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving the ADA. Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction 28 U.S.C. § 1367.

14. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Seminole County, Florida.

15. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Seminole County, Florida.

## ADA AND FCRA STATUTORY PREREQUISITES

16. Plaintiff is a "person" who suffered discrimination based upon his actual or perceived disability and his need for reasonable accommodation. As such he is a member of a class of individuals protected by the ADA and the FCRA.

17. Plaintiff was qualified for his position of employment.

18. Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

19. The Defendant meets the statutory criteria for coverage as an "employer" under the ADA and the FCRA.

20. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADA and the FCRA.

21. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 21, 2021 which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC on July 15, 2022. Therefore, this complaint is being filed within 90 days of receiving his right to sue letter.

22. Accordingly, Plaintiff has complied with all requirements and all other prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

23. Plaintiff was hired in or about April 2015 and worked for Defendant until his unlawful termination sometime within January 2021 – March 2021[1].

24. At the time of his termination, Plaintiff was employed as an Inside Sales Representative.

25. On or about January 6, 2021, Plaintiff sustained an injury to his leg. Plaintiff immediately notified his manager of the injury and his need to take a sick day. See January 6, 2021 text string between Plaintiff and his managers attached as **Ex. A**.

---

[1] No specific termination paperwork was ever provided to Plaintiff indicating when his last day of employment was.

26. Plaintiff first sought medical treatment the following day, January 7, 2021, and was given restrictions that he was unable to drive and must perform sedentary work only.  **Ex. B**.

27. On or around January 15, 2021, Plaintiff again went to the doctor and was ultimately diagnosed with a Tibial Plateau Fracture, which required him to have surgery on or about January 18, 2021.

28. Plaintiff notified Defendant of his surgery and diagnosis.  See January 18, 2021 email chain and exhibits between Plaintiff and his managers attached as **Ex. C**.

29. During Plaintiff's recovery, he was further diagnosed with necrosis, which required him to miss work.

30. Plaintiff had the ability to work from home while he was recovering but was not permitted to do so by the owner of the Company, Joanne Kennedy.

31. On or about February 22, 2021, Plaintiff informed his manager that he would need an accommodation, specifically the use of crutches, in order to be able to return to work. See February 22, 2021 email from Plaintiff to his manager with attached medical restrictions prescribed by orthopedist attached as **Ex. D**.

32. This request for an accommodation was denied by Kennedy, who stated in an email to Plaintiff that "[the Company] could not have a walker, wheelchairs or crutches in the building used by an employee unless the injury was

5

a direct result of an injury that was done at work." See February 22, 2021 email from Ms. Kennedy to Plaintiff attached **Ex. E**.

33. In the same email, Kennedy informed Plaintiff that they were in the process of filling his position, meaning that he was being terminated.

34. Plaintiff would have been able to perform ninety percent (90%) or more of his job duties without any accommodation, as most of his time as an inside sales person was spent sitting down.

35. On or about March 23, 2021, Plaintiff sent another email to Kennedy advising that he was in the process of setting another appointment with his Orthopedic Specialist to find out if he would be able to have his restrictions lessened or removed. See email string between Plaintiff and Ms. Kennedy spanning March 23 – March 24, 2021 attached as **Ex. F**.

36. The next day, on or about March 24, 2021, Kennedy responded to Plaintiff's email stating she "felt this was a well-planned ordeal…and that [he was] not a good fit for the Kennedy Company and [they] do not want [him] back." See **Ex. F**.

37. On or about December 27, 2021, in response to the Charge of Discrimination filed against the Company, Ms. Kennedy sent Plaintiff a hand written letter threatening to retaliate against him. See document attached as **Ex. G**.

38. Specifically, the letter was attached to a write-up given to Plaintiff in 2017 for allegedly consuming alcohol at work. The letter asked Plaintiff if he was "absolutely sure" if he wanted to proceed with filing a Charge with the EEOC and presumably litigation. Defendant had no purpose in writing the letter and attaching it to his prior write-up if not to harass, embarrass and dissuade Plaintiff from pursuing his legal rights.

39. Defendant's actions were willful and intentional.

## COUNT I
## ADA – DISABILITY DISCRIMINATION

40. Plaintiff re-alleges and adopts the allegations of paragraphs 1-39 above as if fully set forth herein.

41. Plaintiff was a qualified individual with a disability.

42. Defendant was Plaintiff's employer as defined by the ADA.

43. Defendant discriminated against Plaintiff because of his actual or perceived disability in violation of the ADA.

44. Defendant had actual or constructive knowledge of the discriminatory conduct.

45. Defendant's acts were willful.

46. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

47. Defendant's conduct violated Plaintiff's right to be free from

discrimination as guaranteed by the ADA.

48. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits and/or lost earning capacity;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive Damages;

   f. Injunctive relief;

   g. Prejudgment interest;

   h. Costs and attorney's fees; and

   i. Such other relief as the Court may deem just and proper.

## COUNT II
## FCRA – DISABILITY DISCRIMINATION

49. Plaintiff re-alleges and adopts the allegations of paragraphs 1-39 above as if fully set forth herein.

50. Plaintiff's condition was a disability as defined by the FCRA since it substantially limited one or more of Plaintiff's major life activities.

51. Plaintiff was qualified to perform the essential functions of his job, with a reasonable accommodation.

52. Plaintiff asked for a reasonable accommodation. However, Defendant refused to engage in the interactive process.

53. Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of his disability.

54. Defendant terminated Plaintiff on the basis of his disability or because Defendant regarded Plaintiff as disabled in violation of the FCRA.

55. But for his disability, or because of his request for a reasonable accommodation, Plaintiff would not have been terminated.

56. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

57. Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

58. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

59. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

60. As a result of Defendant's unlawful discrimination, Plaintiff has

suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest in back pay and benefits;

    c.    Front pay and future benefits;

    d.    Compensatory damages for emotional damages;

    e.    Other non-pecuniary damages;

    f.    Injunctive relief;

    g.    Attorneys' fees and costs, and

    h.    For such other relief this Court deem just and equitable.

## COUNT III
## ADA – FAILURE TO ACCOMMODATE

61. Plaintiff re-alleges and adopts the allegations of paragraphs 1-39 above as if fully set forth herein.

62. Plaintiff was a qualified individual with a disability.

63. Defendant was Plaintiff's employer as defined by the ADA.

64. Plaintiff's medical condition substantially limited one or more of his major life activities. As such, Plaintiff required an accommodation to continue to perform the essential duties of his position.

65. Specifically, Plaintiff requested an accommodation to be able to use his

crutches.

66. Defendant failed to engage in the interactive process to determine if it could reasonably accommodate Plaintiff's restrictions.

67. Defendant's acts were willful.

68. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

69. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.

70. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive Damages;

    f. Injunctive relief;

    g. Prejudgment interest;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

## COUNT IV
## FCRA - FAILURE TO ACCOMMODATE

71. Plaintiff re-alleges and adopts the allegations of paragraphs 1-39 above as if fully set forth herein.

72. Plaintiff's condition was a disability as defined by the FCRA since it substantially limited one or more of Plaintiff's major life activities.

73. Plaintiff was qualified to perform the essential functions of his job, with a reasonable accommodation.

74. Plaintiff asked for a reasonable accommodation. However, Defendant refused to engage in the interactive process.

75. But for his disability, or because of his request for a reasonable accommodation, Plaintiff would not have been terminated.

76. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

77. Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

78. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

79. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

80. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

  a. Back pay and benefits;

  b. Interest in back pay and benefits;

  c. Front pay and future benefits;

  d. Compensatory damages for emotional damages;

  e. Other non-pecuniary damages;

  f. Injunctive relief;

  g. Attorneys' fees and costs, and

  h. For such other relief this Court deem just and equitable.

## COUNT V
## ADA – RETALIATION

81. Plaintiff re-alleges and adopts the allegations of paragraphs 1-39 above as if fully set forth herein.

82. Plaintiff was, at all times relevant, an employee under the ADA.

83. Defendant was Plaintiff's employer as defined by the ADA.

84. Defendant retaliated against Plaintiff because he exercised his rights under the ADA by seeking an accommodation.

85. Defendant had actual knowledge of the retaliatory conduct of Plaintiff's supervisors.

86. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

87. Defendant's retaliatory acts and omissions occurred, at least in part, because of Plaintiff's actual or perceived disability and request for ADA-covered accommodation.

88. Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADA.

89. Defendant's violations of the ADA were willful.

90. As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered harm for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

91. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages for emotional pain and suffering;

e. Punitive Damages;

f. Injunctive relief;

g. Prejudgment interest;

h. Costs and attorney's fees; and

i. Such other relief as the Court may deem just and proper.

## COUNT VI
## FCRA –RETALIATION DISABILITY

92. Plaintiff re-alleges and adopts the allegations of paragraphs 1-39 above as if fully set forth herein.

93. At all times relevant hereto, Defendant retaliated against Plaintiff because he requested a medical accommodation.

94. Defendant terminated Plaintiff on the basis of his request for an accommodation in violation of the FCRA.

95. But for his disability, or because of his request for a reasonable accommodation, Plaintiff would not have been terminated.

96. But for Defendant's unlawful actions, Plaintiff would not have been terminated.

97. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

98. Defendant retaliated against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

99. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful retaliation.

100. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful retaliation.

101. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages;

    e. Punitive damages;

      f.      Injunctive relief;

      g.      Prejudgment interest;

      h.      Costs and attorney's fees; and

      i.      Such other relief as the Court may deem just and proper.

## **JURY TRIAL DEMAND**

PLAINTIFF hereby demands a jury trial for all issues.

DATED this 5th day of August, 2022.

**MORGAN & MORGAN, P.A.**

**/s/ James J. Henson**
JAMES J. HENSON, ESQ.
Fla. Bar No. 0077476
Morgan & Morgan, P.A.
20 North Orange Avenue, 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email: jjhenson@forthepeople.com
ssiagel@forthepeople.com
*Attorney for Plaintiff*